IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-11333
Summary Calendar
_____


DANTE D'AGOSTINO,

                                        Plaintiff-Appellant,

versus


DARWIN D. SANDERS ET AL.,

                                        Defendants-Appellees.


- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 2:97-CV-360
- - - - - - - - - -
June 12, 1998
Before JOLLY, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Dante D'Agostino, Texas state prisoner # 688309, has appealed the district court's dismissal of his civil rights action against several officials, officers, and employees of the Texas Department of Criminal Justice, Institutional Division (TDCJ).  We AFFIRM.

    In his complaint, D'Agostino alleged claims against one group of defendants based on events which allegedly occurred when

_____
    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

he was a patient at TDCJ's John T. Montford Psychiatric Hospital Unit (Montford). D'Agostino's other claims are based on events which allegedly occurred while he was participating in TDCJ's Program for Aggressive Mentally Ill Offenders (PAMIO), located in Clements Unit. These TDCJ units are located in different divisions of the United States District Court for the Northern District of Texas.

D'Agostino's principal contention is that he has a serious medical need for intensive one-on-one psychiatric or psychological counseling, which has been denied him while he has been a PAMIO participant. The district court did not err by dismissing these claims as frivolous, because they are based merely on D'Agostino's disagreement with members of the PAMIO medical staff concerning the type of treatment which he should receive. See Banuelos v. McFarland, 41 F.3d 232, 235 (5th Cir. 1995). The district court did not abuse its discretion by severing D'Agostino's claims against the Montford defendants and dismissing them without prejudice, because they are similarly frivolous.

D'Agostino complains that the district court did not specifically advert to his claims against Dr. Revell and "Dr. John Doe," whom he now knows to be a Dr. Hurley. Since these claims also are based on events which allegedly occurred while D'Agostino was at Montford, the district court must have intended to sever them and dismiss them without prejudice.

D'Agostino is not entitled to relief relative to them, however, because they are frivolous as Eighth Amendment claims.

D'Agostino has not briefed any claim of improper or inadequate medical treatment for his back, which allegedly may have occurred since he has been at Clements Unit. Thus, he has abandoned any such appellate point. See Al-Ra'id v. Ingle, 69 F.3d 28, 33 (5th Cir. 1995).

D'Agostino contends that the district court erred by dismissing his claims against Warden Sanders of Clements Unit, for failing to correct the violations of his rights by unit personnel. This lacks merit because, as stated ante, the district court did not err by dismissing D'Agostino's claims against the other Clements defendants as frivolous.

D'Agostino asserts that the district court should have preliminarily enjoined a new TDCJ policy reducing the number of items of legal materials which an inmate (who cannot go to the law library in person) can request. As the district court held, D'Agostino is not entitled to relief relative to this policy because he failed to allege facts which show that it has prejudiced him in regard to any of his pending legal actions. See Lewis v. Casey, 518 U.S. 343, 348-55 (1996). Furthermore, the dismissal of the action rendered moot his request for a preliminary injunction. See Cypress Barn, Inc. v. Western Elec. Co., 812 F.2d 1363, 1364 (11th Cir. 1987).

D'Agostino has moved for a stay of the proceedings of this

appeal and of his other pending federal appeals.  He also has moved for other relief in the nature of mandamus, which "is an extraordinary remedy that should be granted only in the clearest and most compelling cases."  In re Willy, 831 F.2d 545, 549 (5th Cir. 1987).  Because D'Agostino has not shown that he is entitled to such relief, his motions are DENIED.

JUDGMENT AFFIRMED; MOTIONS DENIED.